Catron, Ch. J.
delivered the opinion of the court.
In February, 1822, Harper took a lease from Burton, and proves he disclaimed Duke’s title. But Duke resided in Mississippi and had no notice of this disclaimer. Tribble, in the fall of 1822, was authorized by Duke to receive the rent from Harper for the year I822, and at the commencement of 1823, rent the premises. Harper refused to pay the rent, and informed Tribble he disclaimed Duke’s title. There is no evidence Tribble informed Duke of the fact. Tribble’s agency did not extend to any control of the premises until 1st January, 1823. Duke could have no idea of the lease taken from Burton, and the adversary holding of Harper, until informed of the fact. The strongest presumption was the contrary.
To obviate these objections, it is insisted Harper was not the tenant of Duke. Duke rented to Harper by parol for two years, the term to expire with the year 1822. As a binding contract, this lease for two years was void, but still Harper went in under Duke, and was the tenant at will or from year to year of the latter. . This is the condition of all who hold without any special contract with the landlord as to time. Such is the settled law of England, (Warren vs. Fearnside, 1 Wil. 176,) and of this State. Phillips’ lessee vs. Robertson, 4 Haywood, 158: Same case, 5 Hay. Rep. 101. Harper then stood in the relation to Duke, as if he rented the premises for the year 1822. Could he, thus holding, disclaim Duke’s *285 title, and oust bis own possession for Duke? He could forfeit his own right oi possession and title, by openly and notoriously disclaiming the title under which he entered, and thereby become a trespasser as to Duke, who had the right to treat him as such, and eject him, without notice to quit the premises. Fisher vs. Prosper, Cowp. 217: Runnington on Ejectment, 192-3: Adam's Ejectment, 55.
But what act of the tenant shall be evidence of a holding adverse to his landlord, and which will give effect to the act of limitations, destructive of the landlord’s title, is a question of great delicacy, and yet greater importance to a country circumstanced as this is. The tenant cannot, during the term, when holding by force of a written contract, or when holding from year to year, rightfully disclaim the landlord’s title. He is estopped by the contract. 5 Term Rep. 4: 7 Wheaton, 535: 3 Peters’ 47: 4 Haywood, 158: Wilson vs. Smith T. 5 Yerger’s Reports, 379.
In an ejectment by the landlord against the tenant, the controversy rests upon the privity existing between the parties. If the tenancy be proved, the plaintiff is entitled to recover, because the defendant is estopped by contract to say the plaintiff has no title. Adams’ Ejectment, 276.
Estoppels are mutual, (4 Com. Dig. A. 2,) and therefore the tenant may defend himself, or eject the landlord, if need be, on the contract, without showing further title. Neither can he at his pleasure put an end to the contract, yet if the tenant disavows the title of the landlord, and claims to hold for himself, or for another, he forfeits his lease and title, and may be proceeded against as a trespasser by an action of ejectment: but this is at the election of the landlord, who may still treat him as tenant if he prefers it. If, after such forfeiture, the tenant hold out the landlord attempting to enter, this amounts to “an actual ouster,” places the tenant in the condition of an *286 adversary to his lessor, and is such a trespass against him, as to create an adverse holding on part of the lessee; by force of which, the statute of limitations will commence its operation, to confirm the adverse claim set up by the tenant. Cowp. Rep. 217: 3 Peters’ Rep. 47: 5 Peters’ 491: Adams’ Ejectment, 55-6.
Ad.ams informs us, some ambiguity seems formerly to have prevailed as to the meaning of the word, actual ouster, as though it signified some act accompanied by real force, (Burrows, 2604,) but it is now clear, that an actual ouster may be inferred from circumstances, which circumstances are matter of evidence to be left to the jury. Thus, thirty-six years sole and uninterrupted possession by one tenant in common, without any account to, demand made, or claim set up, by his companion, was held to be sufficient ground for the jury to presume an actual ouster of the co-tenant, and they did so presume. Fisher vs. Prosper, Cowp. 217.
It was holden by the Supreme Court of the United States, in Payton vs. Smith, (5 Peters, 491,) as the settled law, that a purchase by a tenant of an adverse title, claiming under, and attorning to it, or any other disclaimer of tenure, with the knowledge of the landlord, was a forfeiture of his term; that this possession became so far adverse that the act of limitations could begin to run in his favor from the time of such forfeiture; and the landlord could sustain ejectment against him without notice to quit at any time before the period prescribed by the statute had expired by the mere force of the tenure, without any other evidence than proof of the tenancy: but that the tenant could in no case contest the right of his landlord to possession, or defend himself by any claim or title adverse to him, during the time the statute has to run. If the landlord suffers it to run out, without bringing suit, each party may stand upon their rights; but until then, the possesion of the tenant is the possession of the *287 landlord. The principles assumed meet our entire approbation.
The same court held, in Willison vs. Watkins, 3 Peters, 47, that from a length of possession greatly more than to form the bar, without claim on part of the landlord, and a notorious holding for himself under a different title by the tenant, notice to the former, and an actual ouster, might be presumed by the jury.
But where length of time does not furnish evidence of ouster, (as in this cause it does not) actual knowledge for seven years must be distinctly proved by the defendant on the lessor of the plaintiff, that the tenant claimed for himself or for another. 14 Vin. Ab. 512: Adams, 56.
A demand of possession, and a refusal on the ground that the,tenant held adversely, is sufficient evidence of actual ouster. Hellings vs. Bird, 11 East 49. But this information must be given to the landlord, or to his agent authorized to enter upon the premises, or sue for them by reason of the forfeiture; because the landlord must have neglected to sue for seven years. Before knowledge he could not be guilty of neglect. As to him, positive and undoubted knowledge is the date of the ouster, or rather the evidence from which it may be inferred. The privity of the parties being mutual, so must be its severance. It is going far enough to say, Duke was hold-en out so soon as he had knowledge Harper claimed adversely, and that this knowledge was equal to an actual turning out or holding out, on an attempt to enter for the forfeiture. But to hold that the refusal to pay rent to Tribble who had no authority to enter upon the land or sue for it in Duke’s name, is evidence of an actual ouster of Duke, is not warranted by any authority. There being no evidence in the record going to show Duke had actual notice of the adverse holding seven years before he sued; and the court below having charged the jury that the statute commenced its operation from the 16th of February, 1822, the lime Harper took his lease from Burton, which *288 was contrary to the principles above declared to be the law, is erroneous. Therefore the judgment of the circuit court will be reversed, and the cause remanded for another trial.
Judgment reversed.